**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Anita L. STRINGFELLOW,

Plaintiff,

v.

Lurita A. DOAN, Administrator,
General Services Administration,

Defendant.

Civil Action No. 1:07-cv-2149 (RJL)

**DEFENDANT'S ANSWER**

COMES NOW Federal Defendant, United States General Services Administration ("GSA"), and in answer to the individually-numbered paragraphs of Plaintiff's complaint, responds to the above-captioned matter as follows:

**FIRST DEFENSE**

Defendant's actions with respect to the claims in this case were in full compliance with law and regulation.

**SECOND DEFENSE**

Defendant herein incorporates by reference, as if fully stated, the previously stated defense and answers the numbered paragraphs of Plaintiff's complaint as follows:

1. This paragraph sets forth a jurisdictional allegation, not an averment of fact to which an answer is required. To the extent that a response is deemed necessary, deny.

2. Admit.

3. Admit that Plaintiff initiated an informal complaint on April 4, 2006, alleging discriminatory events on February 3, 6, and 23, 2006. Admit that Plaintiff received a written notice of final interview on April 29, 2006. Admit that Plaintiff's formal complaint was filed on May 1, 2006. Deny the remainder.

4. Admit that Plaintiff submitted a request for a hearing before the Equal Employment Opportunity Commission (EEOC) on January 14, 2007. Admit that Plaintiff filed a pleading entitled "Request for Final Agency Decision" with the Administrative Judge at the EEOC on June 4, 2007, stating that "[c]omplainant intends to immediately pursue this action in Federal Court, rather than the EEO Administrative Process" accompanied by a proposed order stating, "[t]his case is herein dismissed. The agency shall issue a final agency decision." Admit that the Administrative Judge issued a closure order, dated July 6, 2007, that stated that the case was closed because the Complainant, through counsel, had withdrawn her request for a hearing and requested a Final Agency Decision (FAD). The Judge ordered the agency to issue a FAD. Admit that the agency received that order on July 11, 2007. Deny the remainder.

5. Admit.

6. This paragraph sets forth a jurisdictional allegation, not an averment of fact to which an answer is required. To the extent that a response is deemed necessary, deny.

7. Admit.

8. The allegations in this paragraph set forth legal conclusions and not averments of fact to which an answer is required. To the extent that a response is deemed necessary, deny.

9. Admit that Plaintiff has been employed as a management Analyst, GS-0343-12. Deny the remainder.

10. Admit that Plaintiff has worked for Defendant for about 32 years. Deny the remainder.

11-12. Admit that Mr. Tyler received a telephone call from Plaintiff on January 30, 2006, in which she advised that she had a stroke over the weekend. Admit that medical documentation reflects that on January 28, 2006, Plaintiff was admitted for an acute stroke. Deny the remainder.

13 Admit.

14-15. Deny.

16-17. Admit that prior to February 6, 2006, Mr. Tyler asked Ms. Jefferson to telephone Plaintiff concerning her password and a question about a project that the customer indicated that only Plaintiff would know about. Deny the remainder.

18. Admit that when Ms. Jefferson first called Plaintiff, Plaintiff told her that the nurse had come in and she was going to therapy and she would call back. Admit that Plaintiff did not return the call and Ms. Jefferson telephoned her a second time and the same thing occurred. Deny the remainder.

19. Admit that Ms. Jefferson was asked to contact Plaintiff regarding her computer password and a contract. Deny the remainder.

20. Defendant lacks sufficient knowledge to deny or admit this allegation.

21. Admit that Mr. Tyler received a telephone call from Plaintiff on January 30, 2006, advising that Plaintiff had a stroke over the weekend and was in the hospital. Admit that during that telephone call, Mr. Tyler asked Plaintiff if she would accept telephone calls and visitors, and she replied that telephone calls and visitors would be fine. Admit that Plaintiff did not inform Mr. Tyler not to call her at that time. Admit that Plaintiff informed Ms. Jefferson on February 6, 2006, that Plaintiff was accepting phone calls. Admit that after Plaintiff called Mr. Tyler on February 6, 2006, Mr. Tyler received a telephone call from Mr. Stringfellow in which Mr. Stringfellow stated that he would prefer that Mr. Tyler not call his wife so that she could recuperate without interference from work. Deny that during that telephone call, Mr. Stringfellow told Mr. Tyler that the Plaintiff felt the two earlier phone calls from Mr. Tyler's office were harassing. Admit that during the telephone call, Mr. Stringfellow sounded upset. Deny the remainder.

22. Admit that Mr. Tyler sought clarification from Mr. Stringfellow and asked whether Mr. Stringfellow was saying that Plaintiff did not need her job. Deny the remainder.

23-24. Admit that Mr. Stringfellow appeared to become more irritated, spoke more loudly, and may have said something to the effect that he did not say that she did not need her job, but that she did not need the added stress. Admit that Mr. Tyler responded that he understood the request and would adhere to it,

but that he would not subject himself to the type of behavior Mr. Stringfellow was demonstrating, and that the conversation was over. Deny the remainder.

25. Admit that Mr. Tyler received a telephone call from Plaintiff on January 30, 2006, advising that she had a stroke over the weekend and was in the hospital. Admit that during that telephone call, Mr. Tyler asked Plaintiff if she would accept telephone calls and visitors, and she replied that telephone calls and visitors would be fine. Admit that during the telephone call, Plaintiff advised Mr. Tyler that her husband would be coming by later that morning just to check in with Mr. Tyler. Admit that Mr. Stringfellow did stop by Mr. Tyler's office that day but did not provide any instructions to Mr. Tyler. Admit that the meeting was amicable and very brief. Deny the remainder.

26. Admit that Ms. Everett's office received a telephone call from Mr. Stringfellow. Defendant lacks sufficient knowledge to deny or admit this allegation to say the purpose of the telephone call. Deny the remainder.

27. Admit.

28. Defendant lacks sufficient knowledge to deny or admit this allegation.

29. Admit.

30. Admit that Mr. Tyler received a telephone call from Plaintiff on January 30, 2006, advising that she had a stroke over the weekend and was in the hospital. Admit that during that telephone call Mr. Tyler asked her if she would accept telephone calls and visitors, and she replied that telephone calls

and visitors would be fine. Admit that Mr. Tyler telephoned Plaintiff. Deny the remainder.

31-32. Deny.

33. Admit that GSA's Information Technology Division can be contacted for technology-related issues. Admit that Mr. Tyler eventually resolved the computer access problem by contacting an Information Technology Specialist in the Program Support Division. Admit that Mr. Tyler contacted the NCR Information Technology Division concerning access to Plaintiff's computer. Deny the remainder.

34. Admit that a request that Plaintiff be advanced 240 hours of sick leave was received on February 7, 2006, accompanied by one medical certificate (dated February 6, 2006) under the signature of Dr. Philip Marion. Deny the remainder.

35. Admit that Mr. Tyler received the advanced sick leave request on February 9, 2006. Deny the remainder.

36. Admit that a letter, dated February 23, 2006, was sent to Plaintiff. Deny the remainder.

37-39. Admit that the letter, dated February 23, 2006, states, "The certificate indicates that it could not be determined when you would be able to return to work. Consideration is being given to your request, to include consideration of your previous leave and service records, the circumstances which have caused the accumulated sick leave to be exhausted, and whether there is a reasonable expectation that you will return to work. Additional

information as to your expected return to work would be helpful in completing this process. If you wish to provide additional information to support your request it should be received no later than March 3, 2006." Deny the remainder.

40. Admit that the letter, dated February 23, 2006, informed Plaintiff of the leave transfer program and the Family Medical Leave Act (FMLA). Deny the remainder.

41. Admit that Mr. Wharton contacted Mr. Tyler, that Mr. Tyler returned Mr. Wharton's calls, and that Mr. Tyler referred Mr. Wharton to Ms. Overly. Deny the remainder.

42. Admit that during the March 2006, timeframe Mr. Wharton indicated that he was Plaintiff's representative. Deny the remainder.

43-44. Defendant lacks sufficient knowledge to deny or admit these allegations.

45. Admit that in December of 2005, Mr. Tyler discussed with Plaintiff her pattern of using leave as it was earned and how that makes her vulnerable in the event she suffered major illness. Deny the remainder.

46. Admit that Plaintiff made no prior advance sick leave requests to Mr. Tyler. Admit that Mr. Tyler has not granted any advance sick leave request for any employee under his supervision at GSA. Deny the remainder.

47-48. Admit.

49. Admit that it may have been stated that Ms. Overly was the agency's representative. Deny the remainder.

50. Admit that during a meeting on March 15, 2006, Mr. Tyler was provided a Certification of Health Care Provider (Family and Medical Leave Act of 1993)(Form WH-380). On that form the physician indicated that recovery may take six to twelve months and that it would be necessary for Plaintiff to work less than a full schedule for a probable six month period. Deny the remainder.

51. Admit that the language in an earlier memorandum providing Plaintiff an opportunity to submit additional information to support her request for advance sick leave was noted by Mr. Wharton. Admit that Mr. Wharton indicated that the memorandum said that Plaintiff had abused leave. Deny the remainder.

52. Admit that Ms. Overly stated words to the effect that the memorandum that Mr. Wharton was referencing did not state that Plaintiff abused her leave. Deny the remainder.

53. Admit that Mr. Wharton said words to that effect. Deny the remainder.

54. Admit that at some point Mr. Stringfellow asked Mr. Tyler as to whether his wife informed Mr. Tyler about her medical issues. Deny the remainder.

55. Admit.

56. Admit that six or seven months before her absence, Plaintiff told Mr. Tyler that she had surgery planned sometime in the spring of 2006. Deny the remainder.

57. Admit that Ms. Overly stated words to the effect that the language in the letter was standard language reflecting the requirements in the GSA Order on Time and Attendance. Deny the remainder.

58. Admit that Ms. Overly stated words to the effect that the memorandum to which Mr. Wharton referred did not state that Plaintiff abused her leave. Deny the remainder.

59-60. Deny.

61-62. Admit.

63. Deny.

64. Admit.

65. Admit that Mr. Tyler returned Mr. Wharton's telephone calls and responded to Plaintiff by letter dated April 7, 2006. Deny the remainder.

66. Admit that Mr. Wharton telephoned Mr. Tyler after the March 15, 2006. Deny the remainder.

67. Admit that Mr. Wharton left voice mail messages for Mr. Tyler. Deny the remainder.

68. Admit that Mr. Tyler responded to Plaintiff by letter dated April 7, 2006. Deny the remainder.

69. Admit.

70. Admit that Mr. Tyler referred Mr. Wharton to Ms. Overly. Deny the remainder.

71-72. Admit.

73. Admit that Plaintiff filed a formal EEO complaint in May 2006. Deny the remainder.

74. Defendant lacks sufficient information by which to deny or admit this allegation.

75. Admit that Mr. Stringfellow telephoned Ms. Riggs. Defendant lacks sufficient information by which to deny or admit the remaining allegation.

76. Admit that Ms. Riggs replied with words to the effect that she would check into the matter and get back to Mr. Stringfellow.

77. Admit that Ms. Riggs returned Plaintiff's telephone call. Deny the remainder.

78. Admit.

79. Deny.

80. Admit that Ms. Riggs may have informed Plaintiff that a request for advance sick leave had been denied. Deny the remainder.

81. Admit that the memorandum is dated April 7, 2006. Defendant lacks sufficient information by which to deny or admit the remainder.

82. Admit that the memorandum stated that, "After carefully considering your request, the accompanying documentation, and the circumstances which caused your accumulated sick leave to be exhausted, and for the reasons set forth below, I must deny your request. You may recall that in December I discussed with you your pattern of using small amounts of leave as you earn it and how that makes you vulnerable in the event you suffer a major illness. I considered your pattern of using leave as you earn it and that I do not have a

reasonable expectation that you will return to work any time soon and be able to repay the advanced sick leave." Deny the remainder.

83. Deny.

84. Defendant lacks sufficient information by which to deny or admit this allegation.

85. Deny.

86-87. Defendant lacks sufficient information by which to deny or admit these allegations.

88. Admit that Mr. Tyler received the advance sick leave request on February 9, 2006. Deny the remainder.

89. Admit that the April 7, 2006, letter from Mr. Tyler states that "[b]y memorandum dated February 23, 2006, you were notified that additional information as to your expected return to work would be helpful in completing this process." Defendant lacks sufficient information by which to deny or admit the remaining allegation. To the extent a response is required, deny.

90. Admit that the memorandum dated February 23, 2006, stated that, "Consideration is being given to your request, to include consideration of your previous leave and service records, the circumstances which have caused the accumulated sick leave to be exhausted, and whether there is a reasonable expectation that you will return to work. Additional information as to your expected return to work would be helpful in completing this process. If you wish to provide additional information to support your request it should be received no later than March 3, 2006." Deny the remainder.

91. Admit.

92. Admit that on March 15, 2006, Mr. Stringfellow and representative provided Mr. Tyler a Certification of Health Care Provider (Family and Medical Leave Act of 1993)(Form WH-380). Admit that Plaintiff signed an application for the Leave Transfer program on March 21, 2006. Deny the remainder.

93. Defendant lacks sufficient information by which to deny or admit this allegation.

94. Admit that Mr. Tyler did not approve Plaintiff's request for 240 hours advance sick leave. Admit that Plaintiff was permitted to use annual leave for absences. Deny the remainder.

95. Deny.

96-97. Admit that on or about January 30, 2006, in a telephone conversation with Plaintiff Mr. Tyler stated words to the effect that she should worry about getting better and not about work. Deny the remainder.

98. Admit that during the January 30, 2006, telephone conversation with Plaintiff, Mr. Tyler did not state that he had a problem with Plaintiff's sick leave. Deny the remainder.

99-101. Defendant lacks sufficient information by which to deny or admit this allegation. To the extent a response is required, deny.

102. Deny.

103. Deny.

104. Admit that Mr. Tyler did not grant advance sick leave to any other employee in the Program Support Division. Defendant lacks sufficient

information by which to deny or admit the remainder of the allegation. To the extent a response is required, deny.

105. Deny.

106. Admit that Mr. Tyler received Plaintiff's request for advance sick leave on February 9, 2006. Deny the remainder.

107. Admit that during a meeting on March 15, 2006, Mr. Tyler was provided a Certification of Health Care Provider (Family and Medical Leave Act of 1993)(Form WH-380). Deny the remainder.

108. Admit that by letter dated February 23, 2006, Mr. Tyler granted Plaintiff an opportunity to submit additional information to support her advance sick leave request. Admit that Mr. Tyler met with Plaintiff's husband and Mr. Wharton concerning the advance sick leave request on March 15, 2006. Admit that Mr. Tyler denied the request for advance sick leave by letter dated April 7, 2006. Deny the remainder.

109. Deny.

110. Admit that the EEO Counselor's report indicates under "Summary of Informal Resolution" that, "[w]ith respect to the opportunity to work at home when the Aggrieved's doctor gives her permission, Mr. Tyler stated that the Complainant must submit information on how long she would be working at home." Admit that by letter dated June 15, 2006, from Mr. Wharton, Plaintiff cited the Americans with Disabilities Act of 1990 and requested "part-time work-at-home as reasonable accommodation." Admit that by letter dated 27 June 2006, Ms. Jones-Felder notified Plaintiff that additional information was needed in order

to properly make a determination on Plaintiff's request. Admit that on August 3, 2006, Ms. Jones-Felder received additional information and requested the use of a laptop computer because Plaintiff was not recovering at her address of record where she already had been assigned a GSA computer. Admit that Plaintiff's request for reasonable accommodation was granted by letter dated September 14, 2006. Deny the remainder.

111. Deny.

112. Defendant lacks sufficient information by which to deny or admit this allegation. To the extent a response is required, deny. Deny that Defendant delayed the process.

113. Admit that medical documentation dated June 5, 2006, indicates that Plaintiff was ready to resume work on a part time bases. Deny the remainder.

114. Admit that a letter, dated August 1, 2006, under the signature of Dr. April Barbour, reflects that Dr. Barbour is recommending work from home on a part time basis until December 2006. Admit that by letter, dated June 5, 2006, under the name of April Barbour, Plaintiff states that she is ready to resume her work, but given her limitations she is only able to work part time (20 hours a week). Admit that the letter further indicates that Plaintiff requested to work at home and that it was anticipated that Plaintiff would be able to return to full-time employment in September and likely would be able to return to her office. Admit that by letter dated June 27, 2006, Plaintiff was notified of this statement in the June 5th medical documentation. Admit that Plaintiff submitted matters to the

NCR Disability Coordinator on or about August 3, 2008. Admit that she made no reference to the statement in the June 5th documentation in the June 27, 2006, letter. Admit that the August 1, 2006, medical documentation from April Barbour related that she could sit/stand for work no more than 6 hours a day. Admit that a letter to Plaintiff, dated September 14, 2006, also referenced the statement in the June 5th medical document. Admit that medical documentation, dated August 3, 2007, under the electronic signature of Patricia Ladisa, M.D., related that Plaintiff is able to handle 30-40 hours per week, that she sit or stand for work no more than 8 hours a day, and recommends that she continue to work from home until at least January 2008. Deny the remainder.

115. Admit that by letter dated September 14, 2006, Plaintiff's request for reasonable accommodation in the form of telework was granted and she was to be assigned general administrative work at a rate designed not to exceed her limitation of six hours per day/20 hours per week. Admit that by letter dated August 21, 2007, Plaintiff's request to continue to work at home on a long-term basis extending more than a year was denied. Deny the remainder.

116. Admit that prior to August 2006, Plaintiff had been furnished with a GSA computer at her residence. Admit that Plaintiff did not indicate the need for an additional computer or that she would be performing telework duties in an alternate residence in her June 15, 2006, submission. Admit that by note, dated August 3, 2006, Plaintiff asked for a laptop computer. Admit that by letter dated September 14, 2006, that arrangements had been made for the GSA computer currently housed at Plaintiff's residence to be transferred to her alternate duty

station to be used for the sole purpose of performing GSA work. Admit that on or about September 20, 2006 plaintiff faxed telework paperwork to Defendant, that included a separate page onto which was typed, "Printer and internet connection needed." Admit that the GSA Information Technology specialists came to her residence on Friday, September 29, 2006. Admit that Plaintiff advised the specialist not to worry about connecting the computer since the government had not installed the internet. Admit that by e-mail message on October 3, 2006, the Plaintiff stated that she knew "Verizon needs to come out to install the telephone line for internet access before IT comes back out to hook everything up and wanted to know if you have a date when they will be out to do that." Admit that by e-mail message dated October 10, 2006, Mr. Tyler indicated that IT was able to install a device allowing internet access to her computer, thereby averting the need to install a new telephone line for internet access. Admit that by e-mail message dated October 16, 2006, Plaintiff essentially objected to the use of the device. Admit that by e-mail message dated October 20, 2006 Plaintiff was notified of the need for a certification in order to install the telephone line. Admit that certification was received on October 24, 2006. Admit that a service request was made during the week of October 27, 2006 to install a data line at her temporary residence. Admit that the telephone line was installed on November 6, 2006. Deny the remainder.

117. Admit that the IT specialist was prepared to plug the computer into the electrical outlet on September 29, 2006. Deny the remainder.

118. Admit.

119. The allegations in this paragraph set forth legal conclusions and not averments of fact to which an answer is required. To the extent that a response is deemed necessary, deny.

120. Defendant lacks sufficient information by which to deny or admit this allegation. To the extent a response is required, deny.

121. Admit that medical documentation indicates that Plaintiff is able to perform the essential duties of the position. Deny the remainder.

122. The allegations in this paragraph set forth legal conclusions and not averments of fact to which an answer is required. To the extent that a response is deemed necessary, deny.

123. The allegations in this paragraph set forth legal conclusions and not averments of fact to which an answer is required. To the extent that a response is deemed necessary, deny.

124-127. Deny.

128-130. The allegations in this paragraph set forth legal conclusions and not averments of fact to which an answer is required. To the extent that a response is deemed necessary, deny.

131. Defendant lacks sufficient information by which to deny or admit this allegation. To the extent a response is required, deny.

132. Defendant denies any discriminatory treatment. Defendant lacks sufficient information by which to deny or admit this allegation. To the extent a response is required, deny.

133-135. The allegations in this paragraph set forth legal conclusions and not averments of fact to which an answer is required. To the extent that a response is deemed necessary, deny.

136. Defendant lacks sufficient information by which to deny or admit this allegation. To the extent a response is required, deny.

137. Defendant denies any discriminatory treatment. Defendant lacks sufficient information by which to deny or admit this allegation. To the extent a response is required, deny.

138-140. The allegations in this paragraph set forth legal conclusions and not averments of fact to which an answer is required. To the extent that a response is deemed necessary, deny.

141. Defendant lacks sufficient information by which to deny or admit this allegation. To the extent a response is required, deny.

Defendant denies all other allegations of the complaint not herein before otherwise answered and denies that Plaintiff is entitled to any relief. Defendant avers that any compensatory damages award would be subject to and limited by 43 U.S.C. §1981a, and that relief would be subject to and limited by 42 U.S.C. §2000e-5(g)(2)(B).

WHEREFORE, Defendant prays that the Court dismiss this action with prejudice, that Plaintiff take nothing by this action, for Defendant's costs herein, and for such other relief that the Court deems just and proper.

Dated: July 8, 2008.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
CHRISTIAN NATIELLO, D.C. BAR #473960
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Room E4112
Washington, D.C. 20530
(202) 307-0338